IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

_____

| | | |
|---|---|---|
| JOHN BAPTIST DEMUARY, | ) | Cause No. CV 12-26-BU-DLC-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER and |
| | ) | FINDINGS AND RECOMMENDATION |
| UNITED STATES DISTRICT | ) | OF U.S. MAGISTRATE JUDGE |
| COURT FOR THE DISTRICT | ) | |
| OF MONTANA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____

On May 1, 2012, Petitioner John Baptist Demuary filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2241. Demuary is currently subject to federal supervised release and is represented by Michael Donohoe.

After reviewing the motion to proceed in forma pauperis, I find Demuary has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion will be granted.

A federal court is obliged to consider its subject-matter jurisdiction at all stages

1

of litigation and may dismiss an action *sua sponte* without awaiting an appearance by an opposing party where subject-matter jurisdiction is absent. *E.g.*, *Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (quoting *California Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974)); *see also* Rule 1(b), Rules Governing § 2254 Cases; Fed. R. Civ. P. 12(h)(3).

On April 3, 2008, Demuary was convicted under the Sex Offender Registration and Notification Act ("SORNA") of failing to register as a sex offender between September 14 and November 8, 2007, in the Western District of Texas. He was sentenced in that court to serve thirty-three months in prison, to be followed by a ten-year term of supervised release. Indictment at 1-2, *United States v. Demuary*, No. EP-07-CR-3186 (W.D. Tex. Dec. 12, 2007); Judgment at 1-3, *Demuary*, No. EP-07-CR-3186 (W. D. Tex. Apr. 3, 2008).[1]

On February 13, 2012, pursuant to 18 U.S.C. § 3605, Demuary's supervision was transferred to this District. His supervision is scheduled to expire on September 2, 2020. Transfer of Jurisdiction at 1, *United States v. Demuary*, No. CR 12-4-BU-DWM (D. Mont. Feb. 13, 2012).

Demuary now petitions the Court, pursuant to 28 U.S.C. § 2241, to release him from supervision on the grounds that he is actually innocent of violating SORNA; in

---

[1] These documents are attached to Demuary's Petition (doc. 1).

the alternative, he asks that his supervised release be terminated early under 18 U.S.C. § 3583(e)(1). Pet. (doc. 1) at 3 ¶¶ 4-5.

Demuary was convicted of a sex offense in a Montana state court several years before SORNA's enactment. The Supreme Court recently held that SORNA does not apply to "pre-enactment offenders," like Demuary, until the Attorney General promulgated a regulation saying that SORNA does apply to pre-enactment offenders. *Reynolds v. United States*, __ U.S. __, 132 S. Ct. 975, 978 (2012) (holding that SORNA's "registration requirements [did] not apply to pre-enactment sex offenders until the Attorney General specifie[d] that they . . . apply.").

The Fifth Circuit and the Ninth Circuit agree that the Attorney General did not comply with the requirements of the Administrative Procedures Act in promulgating the crucial regulation. But the two circuits differ as to the effect of the APA violation. The Ninth Circuit holds that, because of the violation, SORNA became effective against pre-enactment offenders on August 1, 2008. *United States v. Valverde*, 628 F.3d 1159, 1169 (9th Cir. 2010). The Fifth Circuit, by contrast, holds that, unless an individual prisoner can show prejudice from the APA violation, SORNA became effective against pre-enactment offenders on March 30, 2007. *United States v. Johnson*, 632 F.3d 912, 930, 933 (5th Cir. 2011).

The Court's only task at the moment is to determine whether Demuary may air his arguments in a habeas petition under 28 U.S.C. § 2241.

28 U.S.C. § 2255 prescribes the remedy against an allegedly invalid criminal judgment for federal prisoners who are in custody. *Lorentson v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). Section 2255 itself authorizes resort to § 2241 if the remedy § 2255 provides is "inadequate or ineffective to test the legality of [the prisoner's] detention." 28 U.S.C. § 2255(e); *see also* U.S. Const. Art. I, § 9, cl. 2.

Demuary explains that he cannot file a § 2255 motion in the Western District of Texas because it would be time-barred under § 2255(f)(1). Pet. at 2 ¶ 2; Mem. (doc. 2) at 3. Consequently, he says, he is entitled to use § 2241 because he meets the Ninth Circuit's test for activation of the § 2255(e) escape hatch:

> [Section] 2255 provides an "inadequate or ineffective" remedy (and thus . . . the petitioner may proceed under § 2241) when the petitioner claims to be: (1) factually innocent of the crime for which he has been convicted; and, (2) has never had an "unobstructed procedural shot" at presenting this claim.

*Ivy v. Pontesso*, 328 F.3d 1057, 1060 (9th Cir. 2003) (citing, *inter alia*, *Reyes-Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001)).

Assuming the Ninth Circuit's test applies, it sets forth the conditions that must be met *under § 2255* to obtain the opportunity to proceed under § 2241. Demuary's position assumes that § 2241 applies; and since a § 2241 petition must be filed in this

Court, Ninth Circuit law applies. Mem. at 6. But even under the Ninth Circuit's test, whether Demuary could proceed under § 2255 in the Western District of Texas – and if not, why not, and what that means – must be governed by Fifth Circuit law, not Ninth Circuit law. The question is whether *Demuary's* remedy *under § 2255* is inadequate or ineffective. To answer that question, Fifth Circuit law must apply, because Fifth Circuit law would govern any § 2255 motion Demuary might file.

Demuary asserts that his "procedural shot" at filing a § 2255 motion is obstructed by the time bar. Under Fifth Circuit law, the imposition of a time bar does not make § 2255 inadequate or ineffective, *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000), unless, among other things, "the petitioner may have been imprisoned for conduct that was not prohibited by law." *Reyes-Requena*, 243 F.3d at 903.

And that is the rub. Demuary contends that his conduct was not prohibited in the Ninth Circuit until August 1, 2008. But he did not engage in the conduct in the Ninth Circuit. He engaged in the conduct in the Fifth Circuit. In other words, Demuary's "procedural shot" is "obstructed," not by a time bar, but by the very fact that he is *not innocent* under Fifth Circuit law. "[M]erely failing to succeed in a section 2255 motion does not establish the inadequacy or ineffectiveness of the section 2255 remedy." *Pack v. Yusuff*, 218 F.3d 448, 453 (5th Cir. 2000). Further, it is worth pointing out that the Fifth Circuit's decision in *Johnson* does not

5

categorically preclude relief for Demuary. If, in contrast to Mr. Johnson, Demuary can show that he was prejudiced by the Attorney General's implementation of the regulation in question, then he might obtain relief under § 2255 in the Western District of Texas.

This Court can only conclude that the remedy under 28 U.S.C. § 2255 that Congress has made available to Demuary in the Western District of Texas is not inadequate or ineffective to test the legality of his detention. Consequently, the escape hatch of § 2255(e) remains closed, and recourse to 28 U.S.C. § 2241 is not available. Although Demuary requests, in the alternative, early termination of his supervised relief under 18 U.S.C. § 3583(e)(1), he cannot make that request under 28 U.S.C. § 2241.

This Court lacks subject-matter jurisdiction. The petition should be dismissed.[2]

Based on the foregoing, the Court enters the following:

## ORDER

The motion to proceed in forma pauperis (doc. 3) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

---

[2] The usual habeas requirement regarding a certificate of appealability does not apply to an action filed under § 2241 by a prisoner in federal custody. 28 U.S.C. § 2253(c)(1)(A), (B).

The Court also enters the following:

**RECOMMENDATION**

1. The action should be DISMISSED for lack of subject-matter jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Demuary may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. D. Mont. L.R. 72.3 applies.

DATED this 4th day of May, 2012.

          /s/ Jeremiah C. Lynch
          Jeremiah C. Lynch
          United States Magistrate Judge