
FILED
JUN 06 2012
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | |
|---|---|
| JOHN BAPTIST DEMUARY, | CV 12-26-BU-DLC-JCL |
| Petitioner, | |
| vs. | ORDER |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA, et al., | |
| Respondents. | |

Petitioner John Baptist Demuary brings this action seeking a writ of habeas corpus under 28 U.S.C. § 2241. Petitioner was convicted of a sex offense in state court in Montana. While on state probation he absconded to Texas, where he was convicted in federal court for failure to register as a sex offender as required by the Sex Offender Registration and Notification Act (SORNA), in violation of 18

U.S.C. § 2250. Demuary was imprisoned for 29 months and is now on supervised release. Jurisdiction over his supervised release has been transferred to the District of Montana.

Demuary Petitions the Court to release him from supervision on the grounds that he is actually innocent of violating SORNA's registration requirement. United States Magistrate Judge Jeremiah C. Lynch has issued Findings and Recommendations in which he concludes that Demuary's Petition must be dismissed for lack of subject-matter jurisdiction. Judge Lynch noted the United States Supreme Court's recent ruling in Reynolds v. United States, ___ U.S. ___, 132 S. Ct. 975, 978 (2012), in which the Court held that "[SORNA's] registration requirements do not apply to pre-Act offenders until the Attorney General specifies that they do apply." He then went on to explain that the Ninth Circuit and Fifth Circuit Courts of Appeals have reached different conclusions on the question of when the Attorney General specified that SORNA applies to previously convicted offenders. In the Ninth Circuit, SORNA does not apply to offenders convicted before August 1, 2008. See United States v. Valverde, 628 F.3d 1159, 1169 (9th Cir. 2010). In the Fifth Circuit, SORNA applies to offenders convicted after March 30, 2007. See United States v. Johnson, 632 F.3d 912, 930, 933 (5th Cir. 2011). Petitioner Demuary's conviction became final on April 14, 2008, after SORNA became effective against him in the Fifth Circuit, but before it

would have become effective against him in the Ninth Circuit.

Against this backdrop, Judge Lynch concludes that this Court lacks jurisdiction over Demuary's 28 U.S.C. § 2241 Petition because Demuary had an adequate opportunity to challenge the legality of his detention under 28 U.S.C. § 2255. Section 2255(a) provides a prisoner in custody on a federal sentence the opportunity to collaterally attack the sentence by filing a petition for a writ of habeas corpus before "the court which imposed the sentence." A prisoner is limited to seeking redress before the court that sentenced him unless that remedy "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Only where § 2255 provides an "inadequate or ineffective" remedy may a prisoner seek habeas relief under § 2241.

The Ninth Circuit has interpreted § 2255(e) to provide that a petitioner may proceed under § 2241 only when he has a viable claim of actual innocence *and* he has not received an "unobstructed procedural opportunity" to present it. Ivy v. Pontesso, 328 F.3d 1057, 1061 (9th Cir. 2003). Judge Lynch determined in this case that Petitioner Demuary may not proceed under § 2241 because he has never been denied the unobstructed procedural opportunity to file a petition under § 2255 in the Western District of Texas, where he was convicted and sentenced. Judge Lynch rejected Petitioner's argument that the remedy offered by § 2255 is inadequate because such a petition is now time-barred, stating, "Demuary's

'procedural shot' is 'obstructed,' not by a time bar, but by the very fact that he is *not innocent* under Fifth Circuit law." Findings & Recommendations, Doc. No. 4 at 5 (emphasis in original).

Petitioner Demuary timely objected, thereby preserving his right to de novo review of the record. 28 U.S.C. § 636(b)(1). Petitioner states that he objects to Judge Lynch's conclusion that Petitioner is not innocent under Fifth Circuit law, but elsewhere concedes that "[u]nder Valverde petitioner is not guilty of his 18 U.S.C. § 2250 violation but under Johnson he is." Objections, Doc. No. 5 at 3. The essence of Petitioner's objection seems to be that since he is now under supervision in a Ninth Circuit jurisdiction, the Court should ignore the Fifth Circuit's ruling in Johnson and allow him to present his actual innocence claim in this Court under the rule of Valverde. Petitioner argues that such an approach would be in keeping with the principle that "Circuit courts are bound to follow their own law." Objections at 4.

The Court agrees that it is bound to follow Ninth Circuit law, but in this proceeding the relevant Ninth Circuit authority is the test set forth in Ivy for relieving a petitioner of § 2255's requirement that he seek redress before the court in which he was sentenced, which requires both a claim of actual innocence *and* a showing that the petitioner never had an unobstructed procedural opportunity to file a petition under § 2255. Petitioner had ample opportunity to file a § 2255

-4-

petition in the Western District of Texas. That such a petition may not have been successful does not render the § 2255 remedy inadequate or ineffective. Pack v. Yusuff, 218 F.3d 448, 453 (5th Cir. 2000).

Upon de novo review, I agree with Judge Lynch's Findings and Recommendations (Doc. No. 4) and therefore adopt them in full. Petitioner Demuary's remedy under 28 U.S.C. § 2255 in the Western District of Texas is not inadequate or ineffective to challenge the legality of his detention, and therefore a petition under 28 U.S.C. § 2241 is not viable.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED for lack of subject-matter jurisdiction. The Clerk of Court is instructed to enter a judgment of dismissal by separate document.

DATED this 6th day of June, 2012.

*[signature]*
Dana L. Christensen, District Judge
United States District Court